# "Exhibit A"

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

LUIS ALBERTO ROSES BURLANDO,　　　　　　　　　　CASE NO.:

　　　　Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

　　　　Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LUIS ALBERTO ROSES BURLANDO, by and through undersigned counsel and sues Defendant, HOME DEPOT U.S.A., INC. (herein after referred to as "HOME DEPOT") and alleges:

### GENERAL ALLEGATOINS

1.　　This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars excluding interest, attorney's fees and costs, which is within the jurisdiction of the Court in accordance with Fla. Stat. Section 26.012.

2.　　That all times material herein, Plaintiff, LUIS ALBERTO ROSES BURLANDO, was a resident of Miami-Dade County, Florida and is *sui juris*.

3.　　That at all times material herein, HOME DEPOT was and is a Foreign Corporation doing business in Miami-Dade County, Florida.

4.　　At all times material hereto, HOME DEPOT carried on business or business ventures in the State of Florida and have thus availed themselves to the jurisdiction of this Court pursuant to Fla. Stat. §48.181.

5.　　On or about December 10, 2019, HOME DEPOT owned and/or maintained a property located at 5600 Northwest 167th Street, Hialeah, Florida.

6.　　That on December 10, 2019, Plaintiff was lawfully on the subject premises as a

patron/invite.

7. On or about December 10, 2019, HOME DEPOT had exclusive dominion, possession and/or control of the premises.

8. On or about December 10, 2019, and at all relevant times material hereto, HOME DEPOT's agents, employees and/or servants acted within the course an scope of their employment.

## COUNT I – NEGLIGENCE AGAINST HOME DEPOT

Plaintiff, LUIS ALBERTO ROSES BURLANDO, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges as follows:

9. HOME DEPOT owed a non-delegable duty to Plaintiff, LUIS ALBERTO ROSES BURLANDO, to maintain its premises in a reasonably safe condition so that invitees, such as the Plaintiff, would not be endangered or injured by the use of its premises.

10. On or about December 10, 2019, HOME DEPOT negligently and/or carelessly failed to maintain the above-mentioned premises in a reasonably safe condition by committing one or more of the following acts of negligence or omissions:

   A. By failing to inspect and/or correct a dangerous condition located on the subject premises;

   B. By negligently maintaining the subject premises, including the merchandise on its shelving units, so as to allow the dangerous condition to exist for an unreasonable period of time;

   C. By negligently failing to warn Plaintiff, LUIS ALBERTO ROSES BURLANDO, or other invitees on the premises, of the existence of the dangerous condition;

D. By negligently failing to maintain the shelving units in a reasonably safe condition so as to allow merchandise to fall from said units;

E. By negligently failing to train its employees as to handling merchandise located on its shelving units;

F. By negligently failing to train its employees on how to properly stack merchandise on its shelving units;

G. By negligently stacking merchandise on its shelving units thus creating a dangerous and/or hazardous condition for its patrons; and/or

H. By negligently handling the merchandise on the shelving unit.

11. HOME DEPOT had a duty to maintain the subject premises in a reasonably safe and proper condition for the general public and the class of people to which Plaintiff, LUIS ALBERTO ROSES BURLANDO, is a member.

12. HOME DEPOT was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises, rendering said premises dangerous and unsafe for Plaintiff.

13. HOME DEPOT either knew or should have known of the existence of the dangerous condition and should have taken steps to warn Plaintiff, LUIS ALBERTO ROSES BURLANDO.

14. HOME DEPOT failed to warn Plaintiff, LUIS ALBERTO ROSES BURLANDO, of the aforementioned condition and the risks involved in as much as the presence of Plaintiff, LUIS ALBERTO ROSES BURLANDO, was known or reasonably foreseeable to HOME DEPOT.

15. Plaintiff, LUIS ALBERTO ROSES BURLANDO, neither knew nor should have known of the dangerous condition and risk, and Plaintiff exercised reasonable care.

16. HOME DEPOT actually created or knew of the existence of the unsafe condition, or in the alternative, allowed it to exist for a sufficient length of time such as that a reasonable inspection would have disclosed it.

17. As a result of the aforementioned acts of negligence or omissions, an employee and/or agent for HOME DEPOT dropped and/or caused a heavy box to fall from the subject shelving unit, landing on Plaintiff and causing him to sustain serious personal injuries.

18. That as a result of HOME DEPOT's negligence, Plaintiff suffered bodily injury and resulting pain and suffering; disability; disfigurement; physical impairment; mental anguish; loss of capacity for the enjoyment of life; expense of hospitalization; medical and nursing care and treatment; loss of earnings; loss of ability to earn money; and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff, LUIS ALBERTO ROSES BURLANDO, A Minor, will suffer the losses in the future.

WHEREFORE, based on the above and foregoing, Plaintiff, LUIS ALBERTO ROSES BURLANDO, demand judgment against HOME DEPOT for damages, costs of this action, trial by jury and all other damages recoverable by law.

DATED August 24, 2020.

                                                **LAW OFFICES OF JIMMY DE LA ESPRIELLA**
Attorneys for Plaintiff
2151 Le Jeune Road, Suite 305
Coral Gables, Florida 33134
Tel:   (305) 665-1167
Fax:  (305) 381-0215
Email: service@jdlelaw.com

By:  /s/ Nadine Figueroa
**NADINE FIGUEROA**
Florida Bar No.: 635121
Nadine@jdlelaw.com
**JIMMY DE LA ESPRIELLA**
Florida Bar No.: 31515
Jimmy@jdlelaw.com