UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24207-BLOOM/Otazo-Reyes

LUIS ALBERTO ROSES BURLANDO,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

_____/

## ORDER ON UNOPPOSED MOTION FOR CONTINUANCE OF DEADLINES

**THIS CAUSE** is before the Court upon Defendant Home Depot U.S.A, Inc.'s ("Defendant") Unopposed Motion for Continuance of Deadlines, ECF No. [24] ("Motion"), filed on July 26, 2021. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.    BACKGROUND

On August 24, 2020, Plaintiff Luis Alberto Roses Burlando ("Plaintiff") filed a complaint against Defendant in state court arising from personal injuries he allegedly sustained when a heavy box fell from a shelving unit, landing on Plaintiff. *See* ECF No. [1-1]. Defendant removed the case to this Court on October 14, 2020. ECF No. [1]. After the parties filed their joint scheduling report, ECF No. [6], the Court entered its Scheduling Order, ECF No. [8], setting the applicable deadlines in this case, including a deadline for amendment to the pleadings, the disclosure of expert and rebuttal reports, the filing of dispositive and pretrial motions, and scheduling calendar call and trial.[1] In pertinent part, the Scheduling Order set the deadline for all discovery on June 29, 2021 and the dispositive and pretrial motions deadline on July 21, 2021. *See* ECF No. [8]. Defendant

---

[1] The Scheduling Order was docketed in duplicate at ECF No. [9].

now requests an extension of numerous Scheduling Order deadlines, including several which have already passed.

## II. LEGAL STANDARD

In general, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). District courts are required to enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "Such orders 'control the subsequent course of the action unless modified by a subsequent order,' . . . and may be modified only 'upon a showing of good cause.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b), (e)). Once a Scheduling Order has been entered, the excusable neglect standard from Rule 6 is no longer applicable. *Id*. at 1418 n.2. The "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (citations and internal quotations omitted). Through this lens, the Court considers the Motion.

## III. DISCUSSION

Defendant seeks an extension of the deadlines to exchange expert and rebuttal expert reports, for discovery, mediation, pretrial and dispositive motions, which have passed, and upcoming deadlines for the pretrial stipulation, calendar call, and trial in this case. Defendant bases its request upon the representation that Defendant learned additional information regarding Plaintiff's injuries during his deposition, and therefore Defendant requires additional time to re-evaluate the damages alleged. Defendant asserts that it "has, at all times, exercised diligence in seeking the requested relief prior to the remaining deadlines in this case," and attaches the

Case No. 20-cv-24207-BLOOM/Otazo-Reyes

Declaration of Kimberly Archila, ECF No. [24-2] ("Declaration"), in support.[2] However, a review of the Motion, Declaration, and record in this case demonstrate the opposite, and Defendant fails to show good cause for the requested extension.

First, the record shows a pattern of failures to timely comply with Scheduling Order deadlines. For example, the Court has entered three orders to show cause necessitated by the parties' failure to comply with Scheduling Order and other deadlines. *See* ECF Nos. [12], [15], [18]. In addition, the Court denied Defendant's recently filed Motion *in Limine*, noting that it was filed after the applicable deadline for filing pretrial motions. *See* ECF No. [23]. Thus, Defendant's assertion that it has exercised diligence in seeking relief prior to deadlines is not supported by the record.[3]

Second, according to the Motion and Declaration, Plaintiff's deposition was taken on June 30, 2021, which was after the deadline for all discovery set forth in the Scheduling Order. Defendant has failed to explain why the apparently new information learned at Plaintiff's deposition could not have been learned through interrogatories or other discovery conducted during the applicable discovery period in this case, which spanned more than six months. Moreover, Defendant has failed to exercise diligence in seeking the requested extensions, as the Motion was filed more than three weeks after learning the apparently new information at Plaintiff's deposition.

Finally, the extensions Defendants request are not brief. Indeed, Defendant seeks an almost six-month extension of the expert discovery deadlines, which passed over a month ago; a nearly seven-month extension of the discovery deadline, which passed almost a month ago; a six-month

---

[2] Ms. Archila asserts that she is an associate at the law firm representing Defendant, but she is not an attorney of record in this case.

[3] In fact, the record reflects that Defendant has not previously sought relief with respect to any deadline in this case.

3

extension of the pretrial and dispositive motions deadline, which passed nearly a week ago; and a resulting four-month extension of the trial date. Other than asserting in conclusory fashion that Defendant needs to re-evaluate the alleged damages, Defendant has failed to adequately explain the need for such lengthy extensions.

In sum, Defendant has failed to establish good cause for the requested extensions of the Court's Scheduling Order deadlines, or that it has exercised diligence in any respect regarding the deadlines in this case, which have been in place since November 6, 2020.

### IV.    CONCLUSION

Accordingly, the Motion, **ECF No. [24]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record